# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ADAMS, | ) Civil Division |
| Plaintiff, | ) No. 2:20-mc-484 |
| v. | ) |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## **COMPLAINT**

AND NOW COMES Plaintiff Jennifer Adams ("Plaintiff" or "Ms. Adams"), by and through her undersigned counsel, and brings this Complaint seeking legal and equitable relief for unlawful gender discrimination, retaliation, hostile work environment, sexual harassment and wrongful termination against Defendant Starbucks in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, 42 P.S. § 951, et seq. (hereinafter referred to as "PHRA"), stating as follows:

## **JURISDICTION AND VENUE**

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1391. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the PHRA.

2. The unlawful employment practices, retaliation, sexual harassment and wrongful termination were committed by the Defendant in Bethel, Pennsylvania, where Plaintiff worked for Defendant in or around Allegheny County, Pennsylvania. Therefore, the United States District

Court for the Western District of Pennsylvania is the proper venue for the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1391(b).

3. Plaintiff timely exhausted her administrative remedies by filing a charge on March 16, 2019, 2019 with the United States Equal Employment Opportunity Commission ("EEOC") at Charge No. 533-2019-00954. Plaintiff's Charge is incorporated by reference as if fully set forth herein. On January 7, 2020, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter (the "Right to Sue" letter) advising her of the right to bring this action. Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

4. Defendant is an employer within the meaning of Title VII and the PHRA.

## PARTIES

5. Plaintiff is a 29-year-old female individual who resides at 1209 Logan Road, Apt. 5, Bethel Park, PA 15102.

6. Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks") is a for profit business with various stores throughout the United States and also operating under the laws of and within the Commonwealth of Pennsylvania with an address of 5110 Library Road, Bethel Park, PA 15102 which was the location at which Plaintiff worked for Defendant.

## FACTS

7. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

8. Ms. Adams worked as a shift supervisor at Starbucks in Bethel Park, PA from January, 2014 through September, 19 2018 when she was terminated in retaliation for reporting egregious, ongoing sexual harassment by Nathanial Soberg, a supervisor, at the store.

9. Starbucks claims that it terminated Ms. Adams for violation of a social media policy; however, Ms. Adams completed all job functions, roles and responsibilities of a shift supervisor in at least a satisfactory manner, often exceeding expectations.

10. The social media incident at issue occurred in July, 2017 and the termination did not occur until over a year later; thus, the proffered reason remains pretextual. Moreover, the social media incident was resolved in 2017 through a verbal counseling.

11. More importantly, Mr. Soberg engaged in horrific sexually harassing conduct including but not limited to making sexually aggressive remarks in the workplace, touching female baristas inappropriately, pulling female employees' hair, joking about female employees' weight and commenting unprofessionally about lesbians on a regular basis.

12. Mr. Soberg sexually harassed many employees and created a hostile work environment for several Starbucks' employees including Ms. Adams, Megan Kelly, Gabriella Morris, Hanna Laubenthal, Diana Romero and Alexa Zevola.

13. After no longer being able to remain subjected to the sexually harassing and hostile work environment created by Mr. Soberg for over a year and to try to prevent him from continuing to harass her co-workers, Ms. Adams reported Mr. Soberg's illegal conduct to Lori Faust, District Manager, and Jenna Molea, Store Manager, verbally and in writing.

14. M. Adams also reported to the manager of the Starbucks Valleybrook, PA store that she believed that Starbucks was covering up the sexual harassment.

15. While Mr. Soberg was terminated in June, 2018, he shockingly was not fired for the sexual harassment and instead for "other reasons."

16. Mr. Soberg also received more favorable treatment than Ms. Adams despite his outrageous misconduct during his employment with Starbucks.

17. Further, from May 2018 through September, 2018, Ms. Adams received no corrective actions, written or verbal warnings and no disputes of any kind with any other partner.

18. Ms. Adams also received a promotion to barista trainer during this time, and partners only become barista trainers if the manager believes the employee knows the roles, routines, standards and policies of the company. Ms. Adams was nothing but an exceptional role model in her position.

19. Prior to reporting the sexual harassment, Ms. Adams was voted by her peers three times for the partner of the quarter award for hard work and excellency as a shift supervisor.

20. Ms. Adams was also the only person in the store other than the store manager to go through the coffee master's program, which at the time was only open for store managers.

21. Ms. Adams had received five MUG awards (moments of uncommon greatness), which is regarded as a prestigious award, and she had trained all of the shift supervisor staff for the 2017-2018 year (summer to summer); a total of three shift supervisors.

22. Nonetheless, Ms. Faust and Ms. Molea did not adequately address Ms. Adams' sexual harassment complaints and were aware that Ms. Adams knew how ineffectively Starbucks, Ms. Faust and Ms. Molea responded to Ms. Adams' reports of sexual misconduct in the workplace

23. As such, Ms. Faust and Ms. Molea effectuated Ms. Adams' termination in order to avoid Ms. Adams further reporting up the chain of command the mishandling of egregious sexual harassment occurring under their management (Ms. Faust and Ms. Molea) at the Bethel Park Starbucks store.

24. Thus, Ms. Adams' termination constitutes direct retaliation for engaging in the protected activity of reporting and opposing sexual harassment, and this conduct has caused Ms.

Adams irreparable harm and humiliation and constitutes discrimination, retaliation and wrongful termination.

25. At all times relevant hereto, Defendant was Plaintiff's employer, and was an employer within the meaning of and subject to anti-discrimination and anti-retaliation statutes.

26. Plaintiff is in a protected class under Title VII and PHRA at the time the acts of discrimination, harassment, retaliation and wrongful termination occurred.

27. At all relevant times hereto, Starbucks acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

## COUNT I
## TITLE VII VIOLATION – HOSTILE WORK ENVIORNMENT, DISCRIMINATION, REATLIATION & WRONGFUL TERMINATION

28. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

29. The foregoing conduct, including Mr. Soberg's harassment of Plaintiff and other employees as well as Starbucks' specific targeting and firing of Plaintiff after she reported the harassment of her and other employees, constitutes unlawful discrimination and retaliation against Plaintiff.

30. Plaintiff reasonably believed that sexual harassment was ongoing at the Starbucks' Bethel Park store and that a hostile work environment was in progress for herself and other employees when she reported such sexual harassment, hostile work environment and the illegal conduct of Mr. Soberg to her managers.

31. At all times relevant, Defendant was each an "employer" within the meaning of Section 701(b) of Title VII.

32. Plaintiff was subjected to a hostile work environment and was intentionally discriminated and retaliated against and fired on the basis of her sex, in violation of Title VII, and in response to engaging in the protected activity opposing a hostile work environment and sexual misconduct in the workplace.

33. Moreover, the discriminatory conduct and sexual harassment to which Plaintiff and other employees were subjected, as described above, was pervasive and regular.

34. The discriminatory, hostile and retaliatory conduct to which Plaintiff was subjected, as described above, has caused Plaintiff substantial harm, including but not limited to emotional distress, mental anguish, anxiety, humiliation, embarrassment, pain and suffering, discomfort and inconvenience.

35. In addition, Defendant failed to maintain a workplace free of sexual harassment and failure to take prompt remedial action to address the hostile work environment and sexual harassment to which Plaintiff and other employees were subjected causing Plaintiff to suffer emotional distress and a loss of earnings.

36. The discriminatory conduct and sexual harassment to which Plaintiff and other employees were subjected, as described above, would have detrimentally affected a reasonable person in Plaintiff's position.

37. Defendant knew or should have known about the discriminatory conduct and sexual harassment which Plaintiff was subjected and failed to take appropriate remedial action.

38. Defendant's failure to maintain a workplace free of sexual harassment and a failure to take prompt remedial action to address the hostile work environment to which Plaintiff and other employees were subjected was intentional, malicious and in reckless indifference to Plaintiff's protected federal rights.

39. Defendant's egregious and deplorable treatment of Plaintiff throughout her career constitutes conduct and employment practices made illegal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), and the Pennsylvania Human Relations Act.

40. Defendant's conduct described above had the purpose and effect of depriving Plaintiff of the rights enjoyed by individuals outside her protected class and, therefore, was in violation of Title VII and the PHRA.

41. The anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings (the participation clause) and those who oppose discrimination made unlawful by Title VII (the opposition clause). *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006), *as amended* (Sept. 13, 2006). Protected opposition activity includes not only an employee's filing of formal charges of discrimination against an employer but also informal protests of discriminatory employment practices, including making complaints to management.

42. Defendant's foregoing conduct violated the applicable opposition and participate clauses under Title VII.

43. As a direct and proximate result of the discrimination, disparate treatment, sexual harassment, retaliation and hostile work environment which Plaintiff suffered while employed by Defendant, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and potential lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she has suffered and will continue to suffer.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT II
## PHRA – DISCRIMINATION, RETALIATION, HOSTILE WORK ENVIRONMENT & WRONGFUL TERMINATION

44. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length

45. This is an action arising under the provisions of the laws of the PHRA and this Honorable Court has, and should, exercise pendent jurisdiction over the same because the cause of action set forth in this COUNT II arises out of the same facts, events and circumstances as in the above COUNT, and therefore judicial economy and fairness dictate that this COUNT II be brought in this same Complaint.

46. At all times relevant, Defendant was an "employer" within the meaning of Section 954(b) of the PHRA.

47. By engaging in the creation and fostering of a sexually hostile work environment, Defendant violated Section 955(a) of the PHRA which prohibits discrimination, harassment and retaliation based upon sex with regard to the continuation and tenure of employment.

48. Plaintiff was subjected to a hostile work environment and was intentionally discriminated and retaliated against on the basis of her sex and in response to opposing a hostile work environment and sexual harassment in the workplace, in violation of the PHRA.

49. The discriminatory conduct and sexual harassment which Plaintiff was subjected, as described above, was pervasive, severe and regular.

50. The discriminatory conduct and sexual harassment which Plaintiff was subjected, as described above, has caused Plaintiff substantial harm, including but not limited to emotional distress, mental anguish, anxiety, humiliation, embarrassment, pain and suffering, discomfort and inconvenience. In addition, Defendant's failure to maintain a workplace free of sexual harassment

and its failure to take prompt remedial action to address the hostile work environment to which Plaintiff was subjected has caused Plaintiff to suffer a loss of earnings and emotional distress.

51. The discriminatory conduct and sexual harassment to which Plaintiff was subjected, as described above, would have detrimentally affected a reasonable person in Plaintiff's position.

52. Defendant knew or should have known about the discriminatory conduct and sexual harassment to which Plaintiff and other employees were subjected and failed to take appropriate remedial action even after Plaintiff submitted complaints of the same to management.

53. Defendant's failure to maintain a workplace free of sexual harassment and a failure to take prompt remedial action to address the hostile work environment which Plaintiff was subjected was intentional, malicious and in reckless indifference to Plaintiff's protected state rights.

54. Plaintiff engaged in a protected activity as described by Section 955(d) of the PHRA, which includes the opposition of any practice forbidden by the PHRA or the making of a charge under the PHRA.

55. Defendant was aware of Plaintiff's protected activity as she complained multiple times to Starbucks' management about the ongoing discrimination, retaliation, sexual harassment and hostile which she and other employees suffered.

56. Defendant's retaliatory conduct towards Plaintiff as a result of her engaging in a protected activity remains a violation of the PHRA.

57. Defendant's retaliatory conduct toward Plaintiff was intentional, malicious and in reckless indifference to Plaintiff's protected state rights.

**DEMAND FOR JURY**

WHEREFORE, Plaintiff demands judgment against Defendants, and damages in excess of $75,000 as follows:

a. That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant's discrimination, retaliation, sexual harassment, hostile treatment and wrongful termination of Plaintiff pursuant to Title VII and the PHRA, plus interest;

b. That Plaintiff be awarded compensatory damages to compensate for all costs associated with the discrimination, retaliation, sexual harassment, hostile work environment and wrongful termination including lost wages and emotional distress;

c. That Plaintiff be awarded nominal damages;

d. That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendant for its intentional, wanton and malicious conduct and to deter similar misconduct;

e. That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees; and

f. That Plaintiff be awarded such further relief as deemed to be just and proper.

Date:  April 6, 2020

Respectfully Submitted,

*/s/ Brian P. Benestad*
Brian P. Benestad, Esquire, Pa. I.D. 208857
HKM EMPLOYMENT ATTORNEYS LLP
220 Grant Street, Suite 401
Pittsburgh, PA  15219
412.485.0133 bbenestad@hkm.com
**JURY TRIAL DEMANDED**